Where a sheriff sells property under fi. fa. and, after satisfying the fi. fa. there remains in his hands a balance due the defendant arising fromthesale, such balance is not considered as in the custody of the law.
The decree of the Circuit Court is as follows:
Johnson, Ch. This is a petition in which the complainant states that the defendant, Palmer, is indebted to- him on a promissory note in the sum of $85, besides interest,- and that he has removed from and now resides without the limits of the State, so that the ordinary process of law cannot be served on him. That the defendant, Carmichael, being the sheriff of the district, had, in virtue of sundry writs of fieri facias against the defendant, Palmer, levied on and sold certain chattels which belonged *408 to him; and that after satisfaction of all the executions in his office against the defendant, Palmer, there remained in his hands a balance of about $200, to which the said Palmer is entitled. The prayer of the petition is, that the defendant, Carmichael, may be restrained from paying that balance to the said Palmer, and that he be decreed to pay to the complainant out of that sum his said debt and interest, and the costs of these proceedings.
The defendant, Carmichael, admits the truth of the facts stated in the petition, and submits himself to the judgment of the court. The defendant, Palmer, demurs, on the ground that the complainant has plain and adequate remedy at law by the process of foreign attachment.
The rule very clearly is, that money in the custody of the law is not the subject of attachment at law, Bowden vs. iSchat-zell, Bail. Eq. 364, and on that principle it was held in Blair vs. Cantey, 2 Sp. 34, that money in the hands of the sheriff, made by a fieri facias, was not the subject of a foreign attachment against the plaintiff in the cause in which it was levied; and that, I think, is well sustained by authority. The command of the writ of fi. fa. is, that the sheriff shall have the money in court on the return of the writ, and the law is not so unreasonable as to interpose, at the will of a party, a stranger to the proceeding, to prevent the execution of its own process. The rule is based on this course of reasoning, and although it is not the most satisfactory to my mind, when the money belongs without question to the absent debtor, it is undoubtedly sustained by the decisions of the English Courts on the custom of London, from which our attachment system is derived.
This case does not fall, however, within either the principle or the rule. The fund here is the excess of the sales of the absent debtor’s property, after paying all the executions against him, not money raised by the authority or order of the court, but from the necessity of selling an article of property of greater value than was required. Of the excess, the court had no control whatever, and the sheriff became the debtor of the defendant in the amount, as for so much money had and received to his use, and no one else had any interest or control over it. The petitioner had, therefore, an adequate remedy at law by the process of attachment, and it is ordered and decreed that the petition be dismissed.